# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE BASH, D.O. and PATTI BASH<br><br>v.<br><br>BENEFICIAL EQUIPMENT FINANCE CORPORATION, NEWLANE FINANCE COMPANY, NEUMANN FINANCE COMPANY, ROBERT L. SALDUTTI, ESQUIRE, REBECCA K. MCDOWELL, ESQUIRE, and SALDUTTI LAW GROUP | CIVIL ACTION<br><br>No. 21-1842 |

## MEMORANDUM AND ORDER RE STATEMENT OF TIME

This Court previously found that Defendants' removal of this case was objectively unreasonable and awarded Plaintiffs attorneys' fees. Plaintiffs' counsel, Wayne Ely, has submitted a statement of his fees and Defendants raises several arguments in response.

**I.    Parties' Arguments**

First, Defendants argue that because Mr. Ely was retained on a contingency basis, his fees were not "actually incurred" as required by 28 U.S.C. § 1447(c). Second, Defendants argue that Mr. Ely billed excessive amounts of time, and third that his rate is too high.

**II.   Discussion**

28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Defendants argue that Mr. Ely's fees were not "incurred" because he did not actually bill his client, as he was retained on a contingency basis. In a recent Middle District case, relying on Ninth and Seventh Circuit precedent, Judge Matthew Brann found that plaintiffs may "recover attorneys' fees even where they are represented on contingency." King v. Alpha Sigma Tau Nat'l Found.,

1

Inc., No. 20-778, 2020 WL 7041767, at *1 (M.D. Pa. Dec. 1, 2020). Both the Ninth and Seventh Circuits based this holding on the fact that it was most consistent with the purpose of § 1447(c), which is to deter improper removal. Id. at *2. "It would undermine the statute's purpose to exclude recovery for parties represented on contingency simply because their attorneys do not use a traditional billing model." Id. The Third Circuit has not specifically weighed in on this issue, but this Court agrees with Judge Brann and the cases on which he relied.

With respect to Mr. Ely's billing, Defendants raise two issues. First, Defendants argue that he billed too much time for drafting the Motion and Memorandum regarding the remand, 2.3 hours and 4 hours respectively, because the Motion and Memorandum are almost identical. The Memorandum is two pages longer than the Motion and includes many additional legal citations. While there is a significant amount of overlap, the additional legal research justifies the time billed for drafting the Motion.

Second, Defendants argue that Mr. Ely should not have billed administrative tasks at an attorney rate. Defendants point to the entries of "file motion with Court," "file reply letter," "review and calendar Judge Baylson's Order" and "filing of attorney time statement with Court" as being administrative tasks. Regarding filing documents with the Court, these entries are not listed separately from the time spent on drafting those filings. The time billed is appropriate for drafting and thus there is no issue with charging for administrative tasks. Additionally, reviewing a Judge's order is a task appropriately completed by an attorney.

Lastly, Defendants take issue with Mr. Ely's rate and argue that he did not submit a certification himself, but instead submitted a certification from another, similarly experienced attorney. This is not controlling. Plaintiff's counsel has requested a reasonable rate. "The fee schedule established by Community Legal Services, Inc. ('CLS') has been approvingly cited by

the Third Circuit as being well developed and has been found by the Eastern District of Pennsylvania to be a fair reflection of the prevailing market rates in Philadelphia." <u>Maldonado v. Houstoun</u>, 256 F.3d 181, 187 (3d Cir. 2001). The CLS fee schedule provides that a reasonable rate for attorneys with more than 25 years of experience is $650-700 per hour. <u>See</u> https://clsphila.org/about-community-legal-services/attorney-fees/. Mr. Ely has been practicing for approximately 27 years. Therefore, his proposed rate of $450 per hour is reasonable.

### III. Conclusion

Based on the above discussion, the Court will award Plaintiffs the full amount of fees requested.

**AND NOW**, on this 16th day of June, 2021, upon consideration of Plaintiffs' Statement of Time (ECF 7), Defendants' Response (ECF 8), and Plaintiffs' Reply (ECF 9), it is hereby **ORDERED** that Attorneys' fees in the amount of $5040.00 are awarded to Plaintiff, and shall be paid to Plaintiffs within fourteen (14) days.

**DATED: 6/29/2021**     **BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 21\21-1842 Bash v. Saldutti Law Group\21-1842 Memo and Order Re Fee Amount.docx